WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Francisco Javier Garcia-Nunez,<br><br>Defendant. | No. CR-17-00856-001-TUC-JGZ (BGM)<br><br>**ORDER** |

Pending before the Court is Defendant's petition for release from disciplinary segregation and early release to home confinement. (Doc. 112.) For the following reasons, the Court will deny the motion.

**1. Request for Release from Segregation or Return to Satellite Prison Camp**

In 2018, Defendant pleaded guilty to smuggling goods from the United States and was sentenced to 36 months in prison, followed by three years on supervised release. He is currently housed at United States Penitentiary-Tucson. According to the petition, Defendant committed a disciplinary violation which resulted in punishment, including loss of good time credits, and assignment of a higher custody level. Defendant alleges that he is being held in segregation in the Special Housing Unit (SHU), but that the disciplinary hearing officer (DHO) did not impose disciplinary segregation time. Defendant also asserts that he was not allowed to leave to his halfway house on May 14, 2020 as scheduled, or to return back to the satellite prison camp (SPC) complex, a lower-security facility. Defendant alleges that his transfer to disciplinary segregation was discriminatory and, as a

low-risk prisoner, it is unfair for him to remain there when other camp, FCI, and USP prisoners have been leaving to their halfway house from the USP.

To challenge conditions of confinement, including alleged retaliation, discrimination, and denial of due process in violation of federal civil rights, Defendant must file a civil rights case pursuant to 42 U.S.C. § 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (stating a civil rights action is the proper channel for "requests for relief turning on circumstances of confinement."); *Hill v. McDonough*, 547 U.S. 573, 579 (2006). The Court cannot address such claims in a criminal case. Accordingly, to pursue his allegations of discrimination, abuse of power, and denial of due process, Defendant must file a separate civil complaint and must either pay the $400 filing and administrative fees or file an Application to Proceed In Forma Pauperis (Non-Habeas), using the court-approved forms.

### 2. Request for Consideration for Release to Home Confinement

Defendant requests to be considered for release to home confinement pursuant to 18 U.S.C. § 3582, in conjunction with the CARES Act. Before the Court can consider a request for release under the CARES Act, administrative exhaustion is required. *See* 18 U.S.C. § 3582. Section 3582 permits a court to reduce a term of imprisonment upon:

> [M]otion of the Director of the Bureau of Prisons, ***or upon motion of the defendant after the defendant has fully exhausted all administrative rights*** to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A) (emphasis added). When a statute contains "mandatory language . . . a court may not excuse a failure to exhaust." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). The language of § 3582 contains no signal that administrative exhaustion or the passage of at least 30 days is optional. That is, the statutory language allows a prisoner to proceed to court only after "fully exhaust[ing] all administrative rights" or upon "the lapse of 30 days" after submitting a request to his warden. 18 U.S.C. § 3582(c)(1)(A).

Defendant's petition does not state that he has exhausted or attempted to exhaust his administrative remedies. Accordingly, the Court must deny the motion for release as premature. Defendant must exhaust his administrative remedies under 18 U.S.C. § 3582 prior to filing a request with the Court for early release. If the request for early release is denied by the Bureau of Prisons, Defendant may file a motion requesting such relief in this Court. The motion must show "extraordinary and compelling reasons warrant" such release. 18 U.S.C. § 3582(c)(1)(A)(i).

Accordingly,

**IT IS ORDERED:**

(1) Defendant's motion for release from disciplinary segregation and early release to home confinement (Doc. 112) is **DENIED**.

(2) The Clerk of Court shall mail Defendant the following court-approved forms: "Civil Rights Complaint by a Prisoner" and Application to Proceed In Forma Pauperis (Non-Habeas).

Dated this 14th day of September, 2020.

_____
Honorable Jennifer G. Zipps
United States District Judge